**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT R. REAN, | No. 12-16506 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01094-RLH-RJJ |
| v. | |
| CITY OF LAS VEGAS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Submitted June 18, 2013[**]

Before:    TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Robert R. Rean, a federal prisoner, appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging that detention officials

violated his constitutional rights in connection with the photographing of his

tattoos.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

district court's summary judgment, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), and for an abuse of discretion its denial of a motion to amend a complaint, *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).  We affirm.

The district court properly granted summary judgment on Rean's Eighth Amendment claim because Rean failed raise a genuine dispute of materials fact as to whether defendants used excessive force against him.  *See Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003) (discussing standard for determining whether use of force was excessive).

The district court properly granted summary judgment on Rean's Fourth Amendment claim because Rean failed to raise a triable dispute as to whether defendants violated his "limited right to bodily privacy" or permitted a search that was "excessive, vindictive, harassing, or unrelated to any legitimate penological interest."  *Michenfelder v. Sumner*, 860 F.2d 328, 332-34 (9th Cir. 1988) (explaining that inmate right to bodily privacy is not violated if guards only make casual observations of the inmate or the observations are made from a distance).

Dismissal of Rean's access-to-courts claim against defendant Olson was proper because Rean failed to state facts sufficient to show that Olson's actions caused an actual injury.  *See Lewis v. Casey*, 518 U.S. 343, 348-53 (1996) (setting forth actual injury requirement).

The district court did not abuse its discretion by denying Rean's motion to file an amended complaint because the proposed amendments would have been futile. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) ("'When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment.'" (citation omitted)).

**AFFIRMED.**